UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NIKIE KING,<br><br>       Plaintiff,<br><br>  v.<br><br>SUPREME COURT OF FLORIDA et al,<br><br>       Defendants. | CASE NO. 2:22-cv-00579-TL<br><br>ORDER TO SHOW CAUSE |

  This matter is before the Court on its own motion, upon review of the record.

  On May 16, 2022, *pro se* Plaintiff Ms. Nikie King lodged a complaint in this Court. Dkt. No. 5. While the Complaint is unclear, it appears that Plaintiff seeks various forms of relief, including the "[r]eturn [of] child(ren) and of [seizure] of amount in controversy" (listed at $4 million total), against the Supreme Court of Florida and other governmental entities for claims arising out of various proceedings not before this District. *See id.* at 5.

  Pursuant to 28 U.S.C. § 1391(b), civil actions in federal court may be brought, with limited exceptions, only in the judicial district where defendants reside or in a district in which a substantial part of the events giving rise to the claim(s) occurred. When a case is filed in the

ORDER TO SHOW CAUSE - 1

wrong district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Construed liberally, Plaintiff resides in South Carolina and Defendants appear to reside in Florida or South Carolina. Dkt. No. 5, at 1–2. The various related proceedings listed under "Statement of Claim" also appear to have occurred in states outside Washington, and there is no indication otherwise as to the location of any conduct underlying this action. *See id.* at 5. Indeed, the Complaint contains no reference to the State of Washington, though it references Washington, D.C. (a city with no relation to this State) as the laws under which the Supreme Court of Florida is incorporated. *Id.* at 4. Therefore, the Western District of Washington is not a proper venue for Plaintiff, and the Court is empowered to dismiss this case for improper venue.

The Court notes that Plaintiff has filed a number of cases in this District, all of which have been dismissed for lack of subject matter jurisdiction, for improper venue, for failure to prosecute, or other failure to comply with the law or a court order. *See King v. St. John's Missionary Baptist Church*, No. 2:19-cv-00762-RSL (W.D. Wash. July 10, 2019), ECF No. 6; *King v. Juvenile Court Florida*, No. 2:19-cv-01769-RSL (W.D. Wash. Dec. 4, 2019), ECF No. 8; *King v. Pacifica Senior Living*, No. 2:20-cv-01054-RSM (W.D. Wash. Jan. 6, 2021), ECF No. 8; *King v. Jenkins*, No. 2:20-cv-01053-JLR (W.D. Wash. Dec. 18, 2020), ECF No. 8; *King v. Geico Ins. Co.*, No. 2:20-cv-01557-JCC (W.D. Wash. Feb. 26, 2021), ECF No. 9; *King v. Criminal of Visual Motions*, No. 2:21-cv-00786-JCC (W.D. Wash. Dec. 13, 2021), ECF No. 6. The remainder of Plaintiff's cases have been transferred to the Southern District of Florida. *See King v. Palm Beach Courthouse MB*, No. 2:19-cv-01543-JCC (W.D. Wash. Oct. 1, 2019), ECF No. 7; *King v. State of Florida*, No. 2:19-cv-01824-JCC (W.D. Wash. Feb. 20, 2020), ECF No. 9. It appears, however, that Plaintiff has since then been declared a vexatious litigant in the Southern District of Florida. *See King v. Circuit/Cnty. Court*, No. 9:20-80750-CIV-DIMITROULEAS

(S.D. Fla. June 2, 2020), ECF No. 7. This counsels against transferring this case to the Southern District of Florida.

Accordingly, Plaintiff is ORDERED to show cause why this case should not be dismissed for improper venue under 28 U.S.C. § 1406(a). Plaintiff has **thirty-one (31) days** from the date of this Order (that is, until **June 20, 2022**) to making such a showing.

Dated this 20th day of May 2022.

Tana Lin
United States District Judge

ORDER TO SHOW CAUSE - 3