UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NIKIE KING,

        Plaintiff(s),

v.

SUPREME COURT OF FLORIDA et al,

        Defendant(s).

CASE NO. 2:22-cv-00579-TL

ORDER OF DISMISSAL

This matter is before the Court on the Court's own motion, following the Court's prior Order to Show Cause (Dkt. No. 6). Having considered the relevant record, including Plaintiff Nikie King's two filings after the Order to Show Cause was issued, the Court hereby DISMISSES the case without prejudice.

I.   BACKGROUND

Ms. King brings suit seeking various forms of relief against the Supreme Court of Florida, the Supreme Court of South Carolina, and other governmental entities located in Florida

for claims arising out of various proceedings not before this District or State. *See* Dkt. No. 5 (complaint).

On May 20, 2022, the Court issued an Order to Show Cause why this case should not be dismissed for improper venue under 28 U.S.C. § 1391(b) and § 1406(a). Dkt. No. 6 at 1–2. The Order to Show Cause noted that the Complaint (and its exhibits) contains no references to the State of Washington nor any other indication that venue might be proper in this District. *Id.* at 2. The Court set a deadline of June 20 for Ms. King to respond. *Id.* at 3.

Ms. King then made two submissions: a May 31 filing, which contains a modified page of her Complaint and a page from an *in forma pauperis* application with the District of South Carolina (Dkt. No. 7); and a June 6 filing, which contains pages from Probate Court filings in South Carolina (Dkt. No. 8). It is unclear whether these two filings were responses to the Order to Show Cause, as the copy of the Order to Show Cause mailed to Ms. King was returned as undeliverable to the Clerk of the Court on June 7. Dkt. No. 9. The Order to Show Cause was mailed again to an alternate address on June 8, which was not returned as undeliverable. *Id.*

## II.  DISCUSSION

Civil actions in federal court may be brought, with exceptions that are not relevant here, only in the judicial district where defendants reside or in a district where a substantial part of the events giving rise to the claim occurred. 28 U.S.C. § 1391(b). When a case is filed in the wrong district, the district court must "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The decision to transfer or dismiss is within the discretion of the district court. *See King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992) ("[T]he district court did not abuse its discretion by dismissing [rather than transferring under 28 U.S.C. § 1406] . . . .").

First, the Western District of Washington is an improper venue for this case. The Court has found no connection to this District here, other than references to "Washington" that may have resulted from a confusion of the State of Washington and the city Washington, D.C., *see* Dkt. No. 5 at 4 ("The defendant, Supreme Court of FL, is incorporated under the laws of the State of Washington DC/NA . . . ."), or seem to be references to other cases Ms. King has filed in this District, all of which have been dismissed for various reasons, *see* Dkt. No. 5-1 at 2 (noting other judges of this District under related cases); *see also* Dkt. No. 6 at 2 (listing all the cases). There is no sign that any Defendant resides in this State, much less this District, nor that any relevant conduct occurred in this State or District. *See* 28 U.S.C. § 1391(b).

Ms. King's May 31 and June 6 filings do not change this determination. First, as noted above, it is not clear that the May 31 and June 6 filings were even intended to be responsive to the Order to Show Cause. In any case, the two filings appear to point to a separate case that Ms. King has filed in the District of South Carolina, *King v. State of Florida Supreme Court et al.*, Case No. 2:22-cv-00310-DCN-MGB, namely by providing the case number for the case and the first page of an application for *in forma pauperis* status before the District of South Carolina (Dkt. No. 7), as well as providing a partial copy of filings with a Probate Court in South Carolina (Dkt. No. 8). Neither filing explains the relevance of this District to this case.

Second, having determined that venue is improper, the Court also finds that transferring this case to another district where venue may be proper is not in the interests of justice. Ms. King appears to reside in, and at least one Defendant appears to be located in, the District of South Carolina, where venue appears to be proper—at least, based on the scant information contained in the record. *See* Dkt. No. 5 at 2; Dkt. No. 7 at 1. Venue may also be proper in one or more districts of Florida, as most of the Defendants appear to be located in Florida (Dkt. No. 5 at 2, 4), and other references to Florida exist in the record (*id.* at 5; Dkt. No. 5-1 at 4).

Even so, while a complaint drafted by *pro se* litigants "'must be held to less stringent standards than formal pleadings drafted by lawyers,'" *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 & n.4 (9th Cir. 2011) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)), the Complaint here has virtually no factual allegations, much less any that plausibly shows that Ms. King may have a right to relief under a cognizable cause of action. *See, e.g.*, Dkt. No. 5, at 3, 5; *see also Abou-Ramadan v. Kataoka*, 2021 WL 2856472, at *1 (W.D. Wash. July 8, 2021) (dismissing on similar grounds); *Espinosa v. De La Cruz*, 2020 WL 7264873, at *2 (W.D. Wash. Oct. 9, 2020) ("It would not be in the interest of justice to transfer this action as Plaintiff has not adequately alleged in his complaint any cognizable claim for relief . . . ."), *report and recommendation adopted*, 2020 WL 7260537 (W.D. Wash. Dec. 9, 2020). Further, Plaintiff has been declared a vexatious litigant in the Southern District of Florida, *see King v. Circuit/Cnty. Court*, No. 9:20-80750-CIV-DIMITROULEAS (S.D. Fla. June 2, 2020), ECF No. 7, and may not pursue litigation in that venue absent extenuating circumstances that do not appear to exist here. It is therefore unlikely, even under a liberal construction of the Complaint as it is currently pled, that Ms. King could pursue this case in the District of South Carolina or elsewhere. In short, Ms. King has failed to show that venue is proper in this District nor that transfer to a different venue would be in the interests of justice.

### III. CONCLUSION

Accordingly, this case is DISMISSED, pursuant to 28 U.S.C. § 1406(a), without prejudice to re-filing in a proper venue. The Clerk is DIRECTED to close this case.

Dated this 13th day of July 2022.

Tana Lin
United States District Judge

ORDER OF DISMISSAL - 4